UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
EBONY WRIGHT,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-05337-FB

*Appearances*:
*For the Plaintiff*:
CHRISTOPHER J. BOWES, ESQ.
54 Cobblestone Dr.
Shoreham, NY 11786

*For the Defendant*:
JACQUELYN KASULIS, ESQ.
Acting United States Attorney
By: REBECCA ESTELLE, ESQ.
Special Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Ebony Wright seeks review of the Commissioner of Social Security's denial of her application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Wright's motion is granted, the Commissioner's motion is denied, and this case is remanded for further proceedings.

1

## I.

Wright was employed as a caretaker for the New York City Housing Authority when, on February 18, 2014, she fell while servicing a garbage compactor. She injured her left shoulder, elbow, wrist, neck, and back and has not worked since. Wright filed an application for DIB on August 5, 2016. After her claim was denied on September 19, 2016, she requested a hearing. Wright appeared before Administrative Law Judge Gloria Pellegrino ("the ALJ") at a hearing on August 29, 2018. The ALJ denied Wright's appeal, concluding that Wright retained the capacity to perform sedentary work not requiring overhead reaching with the left arm or pushing and pulling with the left arm. Wright then submitted a request for review with the Social Security Appeals Council that was denied on August 5, 2019, producing this appeal.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

Remand is warranted because the ALJ failed to consider Wright's cervical and lumbar spine injuries as severe impairments at step two of the five-step process.[1]

In determining disability, the combined effect of all impairments must be considered "without regard to whether any such impairment, if considered separately, would be of sufficient severity" to find a person totally disabled. 20 C.F.R. § 404.1523. The ALJ considered the following severe impairments at step two of the five-step analysis: "partial ligament tear of the left arm; tenosynovitis; ganglion cyst; bone contusion/trabecular fracture; high blood pressure; and obesity." A.R. 115-16. However, the ALJ did not consider the impairments to Wright's lumbar and cervical spine.

---

[1] On remand, the ALJ is additionally reminded that when assigning weight to the opinions of Wright's treating and consultative physicians, the Second Circuit's two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019) must be followed.

3

The regulations establish that claimants must have a "severe impairment" in order to be found disabled. 20 C.F.R. § 404.1520(c). A severe impairment is a condition "which significantly limits [an individual's] physical or mental ability to do basic work activities." *Id*. "An impairment is severe when it causes more than minimal functional limitations." *Babb v. Colvin*, No. 5:13-CV-868 GLS/ESH, 2014 WL 4684883 n.10 (N.D.N.Y. Sept. 19, 2014); *see also Davis ex rel. Maitland v. Colvin*, No. 6:11-CV-0658 MAD/DEP, 2013 WL 1183000, at *8 (N.D.N.Y. Feb. 27, 2013) ("[t]he second step requirement … is truly de minimis, and intended only to screen out the truly weakest of cases.") (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)).

Wright's cervical and lumbar spine impairments are well established in the record, meriting consideration in combination with her other impairments. For example, treating physicians Dr. Kurdali, Dr. Kaplan, and Dr. Baynes examined and diagnosed Wright with cervical and/or lumbar spine impairments on several occasions during the period after her February 18, 2014 injury. *See* A.R. 582-85; A.R. 449-59; A.R. 530-33. Diagnostic imaging also supports Wright's assertion of a lumbar spine impairment. A November 14, 2017 x-ray of Wright's lumbar spine revealed grade 1 anterolisthesis of L5 relative to L4, as well as degenerative disease at the L4-5 and L5-1 level. An MRI on the same day further revealed injury to the lumbar spine. Despite this showing of impairment, the ALJ declined

4

to consider Wright's back injury at step two of her analysis. As a result, the ALJ failed to consider the combined effect of all of Wright's impairments.

The ALJ also erred at the fourth step of the five-step process by excluding Wright's cervical and lumbar spine impairments in her determination of Wright's RFC, since the ALJ must consider all impairments when determining RFC. *See* 20 C.F.R. § 404.1545. Courts must assess a claimant's RFC "based on all of the relevant and other evidence." 20 C.F.R. § 416.945(3). The ALJ's exclusion of Wright's cervical and lumbar impairments, as supported by the evidence in the record described above, was a failure to determine Wright's RFC based on all relevant evidence.

Generally, an ALJ's failure to explicitly identify a severe impairment at step two does not necessitate remand. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010); *Reices-Colon v. Astrue*, 523 F.App'x 796, 798 (2d Cir. 2013). However, "where the ALJ's step-two error prejudiced the claimant at later steps in the sequential evaluation process, remand is required." *Southgate v. Colvin*, No. 2:14-CV-166, 2015 WL 6510412, at *6 (D. Vt. Oct. 28, 2015) (collecting cases). Since the Court finds the errors at step two affected the ALJ's RFC analysis, remand is appropriate.

5

## CONCLUSION

Wright's motion is **GRANTED**, the Commissioner's motion is **DENIED**. This case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                            _/S/ Frederic Block_____

                                                            FREDERIC BLOCK
                                                           Senior United States District Judge

Brooklyn, New York
July 26, 2021