UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EBONY WRIGHT,

               Plaintiff,

    -against-

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

               Defendant.

**MEMORANDUM AND ORDER**
Case No. 1:19-CV-5337 (FB)

*Appearances:*
*For the Plaintiff:*
CHRISTOPHER JAMES BOWES
54 Cobblestone Drive
Shoreham, New York 11786

*For the Defendant:*
REBECCA H. ESTELLE
Special Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York, 11201

**BLOCK, Senior District Judge:**

Following remand from this Court, Plaintiff Ebony Wright ("Plaintiff") received past-due disability benefits from the Social Security Administration ("SSA"). Her counsel, Christopher James Bowes ("Bowes"), now seeks approval of an attorney-fee award of $34,944.50

After this Court ordered a remand, it awarded Bowes $6,800.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On September 29, 2025, the SSA issued Plaintiff a Notice of Award ("NOA") announcing that her total past due benefits were $143,788.00 and withholding $35,944.50 to pay a possible attorney-fee request. Dkt. 34-2. Plaintiff's attorney received notice of the award on September 30, 2025, and fourteen days thereafter filed this 42 U.S.C. § 406(b) attorney-fee application. *See Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019) (fourteen-day filing period).

1

First, the Court must consider whether Bowes' motion was timely. Typically, an attorney must file an application for fees under § 406(b) within 14 days after the claimant receives notice of any past-due benefits award. *See Sinkler v. Berryhill*, 832 F.83, 85 (2d Cir. 2019). Although Bowes made the application more than 14 days following the date on the NOA, September 29, 2025, he affirms that he first received the NOA on September 30, 2025. Bowes Decl. ¶ 23, ECF No. 34.  Thus, Bowes' application is timely because it was made within 14 days of his own receipt of the NOA. *See Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing."); *also Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) (tolling application deadline until NOA is issued "and counsel is notified of that award").

Turning to the requested attorney-fee award, the Court determines that $34,944.50 is reasonable under the circumstances. Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the claimant is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). As indicated by the NOA, the proposed fee award here does not exceed the 25% cap, and the Court is aware of no evidence of fraud or attorney overreach.

To assess the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including

2

any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (de facto hourly rate of $1,556.98 was reasonable). Having considered those guidelines, the Court finds that the requested award does not constitute a windfall.

Finally, because an attorney cannot receive fees under both the EAJA and § 406(b), Bowes must refund the smaller fee award to the Plaintiff, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), *i.e.*, the $6,800.00 in EAJA fees.

Accordingly, the Court approves Bowes' requested attorney-fee award of $34,944.50 under § 406(b) to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past-due benefits. Within five business days of receipt of the § 406(b) fees, Bowes is ordered to refund the EAJA award of $6,800.00 to Plaintiff and file a declaration stating such on the docket.

**SO ORDERED.**

        /S/ Frederic Block
        FREDERIC BLOCK
        Senior United States District Judge

Brooklyn, New York
February 17, 2026

3